WARREN-CONNOLLY COMPANY, INC., Plaintiff, *v.* ALBERT V. SAPHIN, Defendant.

First Department, March 2, 1954.

*Nathan Shapiro* for plaintiff.

*A. M. Lowenthal* of counsel (*Leon G. Telsey* and *Beatrice D. Silverstein* with him on the brief; *Telsey, Lowenthal, Rothenberg & Mason,* attorneys), for defendant.

BASTOW, J.  The parties to this action submit a controversy upon an agreed statement of facts.  The plaintiff is a distributor of electrical appliances and sells to dealers authorized by it under licensing agreements.  The defendant was president of Monarch-Saphin Co., Inc., a dealer which had been licensed by plaintiff by an agreement dated May 15, 1947.  Some five years later Monarch-Saphin Co., Inc., was adjudicated a bankrupt and owed plaintiff $19,124.18.  The plaintiff now seeks to recover that amount from the defendant, contending that he had personally guaranteed payment of all merchandise sold by plaintiff to Monarch-Saphin Co.

The claimed liability of the defendant is predicated upon paragraph six of the licensing agreement.  This agreement is a printed document on plaintiff's form.  It is recited in the opening paragraph that " This agreement " is made between plaintiff, called the seller, and Monarch-Saphin Co., Inc., called the dealer.  The entire sixteen paragraphs of the agreement, except paragraph six, refer to the respective rights, duties and obligations of the parties.

Paragraph six provides that " The undersigned, officer of the dealer corporation, personally and individually guarantees payment of all obligations incurred by the dealer corporation pursuant to this agreement."  At the bottom of the agreement were spaces for execution by plaintiff and the dealer.  The latter space after execution appears as follows:

" MONARCH-SAPHIN CO INC

Dealer

By    ALBERT SAPHIN

*Pres.*

If dealer is a
corporation, give
name and title of
corporate officer.
56 West 45th St. NY
Dealer's Address ".

" Monarch-Saphin Co Inc   Albert Saphin   Pres. 56 West 45th
St NY " was in the handwriting of the defendant.  The remain-
ing language was printed on the contract form.  The signature
of the defendant, as an individual, does not appear on the con-
tract and the printed form has no space or provision for such
a signature.

The controversy submitted for decision is whether or not
paragraph six of the agreement and defendant's signature as
president of the corporation constituted a personal guarantee
enforcible against the defendant.  We reach the conclusion
that it did not.

The alleged obligation of the defendant was a special promise
to answer for the debt of another.  It was void unless it was
" subscribed by the party to be charged therewith ".  (Per-
sonal Property Law, § 31, subd. 2.)  It was not signed by the
defendant, as an individual, but only in his capacity as presi-
dent of Monarch-Saphin Co., Inc.  The signature of the party
to be bound is indispensable.

Here, the contract was made between plaintiff and the dealer
corporation.  The defendant was not stated to be a party
thereto.  An attempt is being made to predicate liability upon
an obscure sentence in a contract bearing the inscription at
the top in bold type " AUTHORIZED DEALER FRANCHISE AGREE-
MENT ".  All of its provisions except the paragraph in question
relate to the duties and obligations of the contracting parties.
The original Statute of Frauds was enacted for the " prevention
of many fraudulent practices, which are commonly endeavoured
to be upheld by perjury and subornation of perjury ".  (29 Car.
II, ch. 3.)  The procedure here followed would in effect thwart
the purpose of the statute.  The contract provision did not
constitute a personal guarantee enforcible against the defendant.

Judgment should be granted for the defendant, without costs,
in accordance with the submission.

PECK, P. J., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously directed in favor of the defendant,
without costs.  Settle order on notice.