Chief Judge Desmond.
In May, 1959 plaintiff made a contract with Leslie 575 Corp., of which defendant’s intestate was then president, for the sale by plaintiff to the Leslie corporation of an advertising sign at a price of $2,850. In December, 1959, $1,260 of the price remained unpaid and plaintiff brought this suit therefor in Municipal Court against Irving Beck, who was president of the Leslie corporation at the time of the contract. The theory of the suit, as hereafter explained, was that Irving Beck had not only made the contract on behalf of the corporation but had individually guaranteed payment. The printed form contract is set out in full in the record. The signing for the purchaser Leslie 575 Corp. was in this form:
“ Leslie 575 Corp. L. S.
Irving Beck pres L. S. ”
This, of course, was a corporate and not an individual signature.
However, in paragraph numbered 5 of the contract this appears:
1 £ Where the Purchaser is a corporation, in consideration of extending credit to it, the officer or officers signing on behalf of such corporation, hereby personally guarantee the payments hereinabove provided for.”
In the Municipal Court plaintiff moved for summary judgment which was denied with a brief opinion in which the court said that there was not a sufficiently clear indication that Irving Beck had intended to bind himself individually. Plaintiff then appealed to the Appellate Term from the order denying summary judgment but Appellate Term, without opinion, unanimously modified by granting summary judgment in favor of defendant dismissing the complaint. Plaintiff then appealed to the Appellate Division, Second Department, which unanimously affirmed the summary judgment for defendant but granted leave to plaintiff to appeal to this court. The Appellate Division wrote a Per Curiam opinion in which it stated that the court’s affirmance was on the authority of Warren-Connolly Co. v. Saphin (283 App. Div. 391). The Appellate Division said this: ££ The decedent, as an agent for a disclosed principal, acting within the scope of his authority, is not liable for a breach of the contract unless the intent to bind himself personally clearly appears. (Keskal v. Modrakowski, 246 N. Y. 406; Mencher v. Weiss, 306 *66 N. Y. 1.) ” Thus, all the Judges in all three of the courts below held that the contract clause although purporting to bind the purchaser’s officers individually was not sufficient to charge the signing officer as a guarantor when his signature was not an individual one but as president.
A plausible argument may be made that a corporate officer who signs his name to such a contract is presumed to have read and understood it and so should be considered bound by its plain language. The opposing policy argument, however, is strong and seems to have the support of precedents. The First Department had an almost identical case in Warren-Connolly Co. v. Saphin (283 App. Div. 391, supra) which is cited in the Second Department’s opinion in the present case. The opinion in Warren-Connolly points out that the Statute of Frauds (Personal Property Law, § 31, subd. 2) says that a promise to answer for a debt to another is void unless subscribed by the party to be charged and that the signature of the party to be bound is thus indispensable, the court noting that the contract in the Warren-Connolly case, like the contract in the present case, was between two corporations and that the individual was neither named in the contract as a party thereto nor did he sign as such. Justice Bastow’s opinion in Warren-Connolly says that to allow recovery against the individual officer would thwart the purposes of the Statute of Frauds.
The nearest case in this court is Mencher v. Weiss (306 N. Y. 1) where corporate officers were held individually liable for the nonperformance of a collective bargaining contract with a union. However, the agreement in Mencher said that it was to bind the “ individual members ” of a corporate party and the two individuals who signed for the corporation put opposite their names not only their corporate titles but, opposite each name, the word “member”. The only possible purpose of adding the word “member” opposite the signature was to bring the signing within the provision of the contract which made ‘ ‘ members ’ ’ of the corporations liable individually.
In other words, in the Mencher case, as distinguished from the present case, the only available evidence was that it was the explicit intent of the signature itself to create individual liability. The Mencher opinion (supra, p. 4) states the *67 settled rule that an agent for a disclosed principal “ will not be personally bound unless there is clear and explicit evidence of the agent’s intention to substitute or superadd his personal liability for, or to, that of his principal.” The dissenters in our court in the Mencher case thought that even the addition of the word “ member ” to the signature was not enough in view of the strong public policy requiring clear and explicit evidence of intention before an agent can be held for his principal’s debt, citing Hall v. Lauderdale (46 N. Y. 70, 74). The Hall opinion shows that the requirement of “ clear and explicit evidence ’ ’ of individual-liability intent is nearly a century old in this State.
We think that precedent and policy require an affirmance here. In modern times most commercial business is done between corporations, everyone in business knows that an individual stockholder or officer is not liable for his corporation’s engagements unless he signs individually, and where individual responsibility is demanded the nearly universal practice is that the officer signs twice — once as an officer and again as an individual. There is great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate officer. In many situations the signing officer holds little or no stock and if the language of the agreement makes him individually liable his estate may be stuck for a very large obligation which he never dreamed of assuming. We think the better rule is the one'used here—that is, that the statement in the contract purporting to bind the signing officer individually is not sufficient for Statute of Frauds purposes without some direct and explicit evidence of actual intent.
The judgment should be affirmed, with costs.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.