Bergan, J. (dissenting).
No public policy stands in the way of the assumption by an agent of a personal responsibility for the obligation of his principal. In deciding to accept the assumption of such an obligation, agents are. entirely free, to act. according to their own interests. The requirement of law is that there must be a clearly stated, and subscribed, written intention to assume the obligation (General Obligations Law, § 5-701). It is the formality of expression and the formality of subscription that are the subjects of the statute.
The test of an intention to assume the obligation is that it be “ clear and explicit”. (Mencher v. Weiss, 306 N. Y. 1, 4; Salzman Sign Co. v. Beck, 10 N Y 2d 63, 67.) This depends on how the intention is made manifest. In Mencher it was held sufficiently expressed to bind personally the president of a corporation who had signed a labor contract ‘ ‘ Weiss & Schwartz Fur Corp Member Harry Weiss Pres.”, where it was agreed, as the court stated, that “ Weiss signed the agreement in a representative capacity and bound the corporation thereby ’ ’.
There was additional material in the body of the agreement to suggest an intention to assume personal as well as corporate liability, including a clause that the agreement “ shall apply to and bind the parties thereto, their respective members and, if an employer member is a corporation, the individual members thereof.”
In Salzman, on the other hand, intent to bind personally a defendant who had signed only as a corporate officer was held not sufficiently expressed by “ a single sentence in a long contract ” (p. 67). One of the controlling criteria of decision in Warren-Connolly Co. v. Saphin (283 App. Div. 391), a decision *8 cited with approval in Salsman, was that the corporate officer sought to be bound was not “ stated to be” a party there to (p. 393).
The general test laid down in Hall v. Lauderdale (46 N. Y. 70, 74) is that the agent’s individual responsibility will not be imposed unless there be clear evidence of an intention to “ superadd ” his responsibility to that of his principal.
When the language of the agreement in hand is read closely, an intention to superadd Cardinal’s responsibility to that of Armonía is perfectly clear and the words cannot be read in any other sense. It is not a casual or incidental expression, or one hidden in a bulky context, but a deliberately stated separate expression of the assumption of an obligation: “ and Cardinal Export Corp. for One Dollar ($1.00) and other good and valuable consideration agrees by its signature to guarantee the payment of all moneys ”, The same sentence deals with the authority of Cardinal ‘ ‘ to sign this agreement on your behalf ’ ’.
There is then in this same sentence an intentionally expressed dual purpose in the signature itself, for which the descriptive words “as agent” serve one expressed purpose, and the act of signing itself serves the other. These special conditions are entirely absent from the cases which go the other way; and there is here surely a subscription by the party to be charged as well as an explicit expression of intent. The words “ to sign ” and “ by its signature ” running together in the sentence dealing with two separate obligations should be read as meaning the , same act of signing to serve the two purposes. , This on its face satisfies the Statute of Frauds and it meets sufficiently enough the tests laid down in Mencher, Salzman and Warren-Connolly (supra).
The order should be affirmed and the question answered affirmatively.
Judges Van Voorhis, Burke and Scileppi concur with Judge Fund; Judge Bergan dissents in an opinion in which Chief Judge Desmond and Judge Dye concur.
Order reversed, etc.