521 P.2d 1292 (1974)
BANKERS MOTOR LEASING, INC., Plaintiff-Appellee,
v.
Gilbert O. HORN and Financial Advisors, Inc., Defendants-Appellants.
No. 73-146.
Colorado Court of Appeals, Div. II.
April 16, 1974.
Phillips, Gresham & Stifler, Thomas C. Stifler, Colorado Springs, for plaintiff-appellee.
Cole, Hecox, Tolley, Edwards & Hero, Henry B. Eastland, Lawrence A. Hecox, Colorado Springs, for defendants-appellants.
Not Selected for Official Publication.
PIERCE, Judge.
This is a suit for damages for alleged breach of two lease contracts, brought by the plaintiff (Bankers) against Dr. Gilbert O. Horn (Horn) and Financial Advisors, Inc., an insolvent Colorado corporation. The corporation made no appearance. Horn appeals from an adverse judgment. We affirm.
The leases involved the rental of automobiles by Financial Advisors, Inc., from plaintiff, and both leases contained the following language:
"If the lessee is a corporation, the person signing the lease on behalf of the corporation warrants he had full authority to sign the lease. Said person and said corporation shall be jointly and severally liable for all rentals and all other rentals that at any time may be due and owing to the lessor under the terms of the lease."
There was considerable testimony presented without objection from Horn as to the negotiations and circumstances surrounding the signing of these leases. Although there was conflict in the testimony, evidence was presented indicating that Horn was advised, prior to the signing, that plaintiff would not extend credit or enter into any leasing arrangements with Financial Advisors, Inc., unless Horn agreed to be personally liable on the contracts. He was requested to fill out a personal loan application regarding his personal finances, which he did. After having an opportunity to read the contracts, Horn signed these documents on a line designated for the signature of the president of Financial Advisors, Inc. Evidence further indicates that he later attempted to have himself removed from personal responsibility on the agreements and have a new owner of the corporation substituted in his stead. This request was denied.
At trial, in response to Bankers' contention that liability was predicated upon oral representations made by Horn, as well as by the express language of the leases, Horn attempted to amend his answer to include *1293 the affirmative defense of the statute of frauds. Upon Bankers' objection, the amendment was not permitted, and Horn does not appeal that ruling. At the end of plaintiff's case, the court ruled that liability, if any, could only be founded on the provisions of the leases as opposed to any independent oral promises by Horn. Bankers conceded at that point that the proof would not support any such independent oral agreements.
On appeal, Horn first argues that the trial court's ruling, narrowing the issue of liability to the effect of the written contracts, made all parol evidence of Horn's representations immaterial. He then argues that in view of the trial court's conclusion that the leases were unambiguous, the parol evidence should not have been considered by the trial court. We do not agree.
The trial court's ruling did limit the issue to Horn's liability based on the written leases. However, the trial court obviously recognized the ambiguity, created by the absence of a personal signature showing Horn's assent to personal liability on the contract, particularly in view of the express provision creating such liability. We find the law well established that in such circumstances, parol evidence of the intent of the parties is admissible and material. New England Electric Co. v. Shook, 27 Colo.App. 30, 145 P. 1002. See East Tincup, Inc. v. Asphalt Paving Co., 28 Colo. App. 6, 470 P.2d 58; Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 217 N.Y.S.2d 55, 176 N.E.2d 74.
Horn argues that we should adopt the rule that an individual signature line is a prerequisite to personal liability of a corporate officer. He cites Salzman Sign Co. v. Beck, supra, for that rule. Salzman, however, recognizes that evidence of the actual intent of the parties may permit a finding of personal liability. While the better business practice and custom is to use a separate signature line for the personal signature of the officer, see New England Electric Co. v. Shook, supra, the absence of a separate line is not conclusive. The conclusion of the trial court that Horn was personally liable is supported by its findings of fact regarding the intent and understanding of the parties. Those findings are, in turn, supported by the evidence and will not be disturbed on appeal. Adler v. Adler, 167 Colo. 145, 445 P.2d 906.
Judgment affirmed.
ENOCH and RULAND, JJ., concur.