BREWSTER TRANSIT MIX CORPORATION, Appellant, v GARDNER W. MCLEAN, Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered November 21, 1989 in Putnam County, which denied plaintiff's motion for summary judgment.

In November 1987, an application for credit was submitted to plaintiff by McClean Brothers Construction Corporation. The application form was completed and signed by defendant, who was listed as president of the corporation. In the space following the phrase "AMT. CREDIT DESIRED", defendant inserted $5,000. Immediately above defendant's signature on the form is the following provision: "I, individually and as an officer, hereby guarantee to pay within the established terms for all purchases charged to my account. Terms: Net 30 days, subject to a service charge of 1½% per month thereafter. The undersigned agrees to pay reasonable legal fees and other costs incurred in collection."

By the end of March 1989, the balance due and owing to plaintiff as a result of the corporation's purchases was $15,568.72. The corporation filed for bankruptcy and plaintiff commenced this action against defendant on his guarantee, seeking $15,568.72 plus counsel fees. Defendant's answer asserted as an affirmative defense that defendant's extension of credit to the corporation in excess of $5,000 discharged defendant of all liability on his guarantee. Plaintiff moved for summary judgment and Supreme Court denied the motion,

concluding that an issue of fact existed with respect to the extent of defendant's liability.

"A guarantee is an agreement to pay a debt owed by another which creates a secondary liability and thus is collateral to the contractual obligation" *(Shire Realty Corp. v Schorr,* 55 AD2d 356, 359-360). The guarantor's liability accrues only after default on the part of the principal obligor *(General Phoenix Corp. v Cabot,* 300 NY 87, 95). The nature of the obligation depends upon the parties' intention, and where that intention "may be gathered from the four corners of the instrument, interpretation of the contract is a question of law" *(supra,* at 92). The parties' use of the word guarantee in the writing does not necessarily establish the nature of the obligation *(New York Plumber's Specialties Co. v 91 E. End Corp.,* 42 NY2d 865).

Applying these principles to the case at bar, we conclude that defendant's obligation is not that of a guarantor. There is nothing in the parties' writing which makes the corporation the primary obligor, with defendant's liability secondary to that of the corporation, accruing only after default on the part of the corporation. Rather, defendant guaranteed, both as an individual and as an officer of the corporation, "to pay within the established terms for all purchases charged to my account". Despite the parties' use of the word guarantee, we are of the view that the nature of defendant's obligation is the same as that of his corporation and, therefore, the only reasonable interpretation of the writing is that which makes defendant a co-obligor of his corporation's debts to plaintiff, not a guarantor of the payment of those debts *(cf., American Trading Co. v Fish,* 42 NY2d 20, 24).

As to the extent of defendant's liability, we find nothing in the parties' agreement which would suggest that the liability of either the corporation or defendant was limited to the $5,000 figure inserted by defendant as the amount of credit desired, regardless of how much credit was actually extended by plaintiff and accepted by defendant's corporation. Defendant and his corporation agreed "to pay within the established terms for all purchases" and the established terms were "[n]et 30 days, subject to a service charge of 1½% per month thereafter". In support of its motion for summary judgment, plaintiff submitted an affidavit of its credit manager which establishes that based upon the credit application completed and signed by defendant, plaintiff extended and defendant, as president of the corporation, accepted credit in the amount of $15,568.72 for purchases charged to the corporation's account.

Since defendant submitted nothing in opposition to plaintiff's motion for summary judgment to dispute these factual allegations, and since we have found that as a matter of law defendant's liability to plaintiff was coextensive with that of the corporation, plaintiff's motion should have been granted.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.