■ GERALD SYNDICATE, INC., Respondent, v NEGEV HOME MADE FOODS, INC., et al., Appellants. [603 NYS2d 843] —Judgment, Supreme Court, New York County (William Davis, J.), entered October 6, 1992, awarding damages in favor of plaintiff and against the corporate defendants ("Negev"), and bringing up for review an order of the same court and Justice, also entered October 6, 1992, which, *inter alia,* granted plaintiff's

motion for summary judgment to the extent of granting summary judgment as against Negev, and denied defendants' cross motion for summary judgment dismissing the action as against the individual defendant (Gross) for lack of merit and as against Gross and Negev for lack of jurisdiction, unanimously affirmed, without costs. The appeal from the order is unanimously dismissed as subsumed within the appeal from the judgment, without costs.

We agree with the IAS Court that notwithstanding that Gross signed the lease between plaintiff as landlord and Negev as tenant only in his capacity as Negev's president, Gross's initialling of the pages of the typewritten rider, including page 13 containing a clause specifically naming Gross, in boldface letters, as guarantor of Negev's rent obligations, but with the signature space for the individual guarantee left blank, these conflicting circumstances raises an issue of fact whether the parties intended that Gross should be individually bound by the lease (see, Paribas Props. v Benson, 146 AD2d 522, 525-526, distinguishing Salzman Sign Co. v Beck, 10 NY2d 63, 67). Concerning jurisdiction, the service of the two summonses on Gross was effective to confer jurisdiction on both him and the two Negev defendants (Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008). Gross's assertion that at the time of service he was no longer an officer of Negev is conclusory and insufficient to raise a triable issue of fact in the face of the documentary evidence submitted by plaintiff on the issue. Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.