■ FLORENCE CORPORATION, Respondent, v PENGUIN CONSTRUCTION CORP., Defendant, and HARRY CAMPBELL, Appellant. [642 NYS2d 697] —In an action, *inter alia,* to recover damages for goods sold and delivered, the defendant Harry Campbell ap-

peals from a judgment of the Supreme Court, Suffolk County (Berler, J.), dated May 11, 1995, which, upon granting the plaintiff's motion for reargument and thereupon awarding the plaintiff partial summary judgment, is in favor of the plaintiff and against him in the principal sum of $30,329.36.

Ordered that the judgment is affirmed, with costs.

Contrary to the contention of the defendant Harry Campbell, the plaintiff established its entitlement to judgment as a matter of law by demonstrating that the credit agreement executed by Campbell expressly and unambiguously made him a co-obligor thereunder, notwithstanding the fact that he signed it in his corporate capacity (*see, Brewster Tr. Mix Corp. v McLean,* 169 AD2d 1036). Significantly, the agreement consisted of a single page of clearly worded language and made references to both Campbell and his wholly-owned corporation. Therefore, this is not a situation wherein the plaintiff attempted to trap an unwary corporate officer into making an unintended assumption of personal liability by inserting an obscure clause in the midst of a lengthy and complex contract (*see generally, Brewster Tr. Mix Corp. v McLean, supra; Paribas Props. v Benson,* 146 AD2d 522; *cf., Salzman Sign Co. v Beck,* 10 NY2d 63; *Trenga Realty v Tiseo,* 117 AD2d 951; *Warren-Connolly Co. v Saphin,* 283 App Div 391). Accordingly, Campbell's attempt to avoid personal responsibility by observing that he wrote "Pres." after his signature on the agreement is unavailing under the particular circumstances of this case.

Furthermore, Campbell's claims that he neither read nor understood the terms of the agreement and that he was misled by unspecified oral representations as to its contents are patently inadequate to raise a triable issue of fact (*see, Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Martino v Kaschak,* 208 AD2d 698; *Koster v Ketchum Communications,* 204 AD2d 280; *Touloumis v Chalem,* 156 AD2d 230; *Chemical Bank v Kaufman,* 142 AD2d 526). Therefore, partial summary judgment was properly awarded in favor of the plaintiff. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.