MASON TENDERS DISTRICT COUNCIL WELFARE FUND, et al., Plaintiffs,

v.

THOMASEN CONSTRUCTION COMPANY, INC., et al., Defendants.

No. 98 CIV. 5137(RLE).

United States District Court, S.D. New York.

Sept. 10, 2001.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I.  INTRODUCTION

A bench trial was held in this matter on March 12, 2001, before the undersigned upon stipulation of the parties pursuant to 28 U.S.C. § 636(c).  Plaintiff Mason Tenders District Council Welfare Fund was, during the period at issue herein, a combination of a jointly administered, multi-employer, labor-management trust funds ("the Funds") established and maintained pursuant to various collective bargaining agreements.  Plaintiff Mason Tenders District Council ("Mason Tenders") is a labor organization.  Defendant Thomsen[1] Construction Company, Inc. ("Thomsen Construction"), owned by defendant Stephen Thomsen ("Thomsen"), was a for-profit corporation doing business in New York City. The parties concede liability on Thomsen Construction's part, and the sole issue before the Court is whether Thomsen is personally liable to Mason Tenders for the failure of his company to make contributions to the Funds.  For the reasons discussed below, the Court finds that Thomsen is not personally liable.  Judgment is therefore entered for the defendant, Stephen Thomsen.

### II.  FACTS

In 1994, Thomsen organized Thomsen Construction to handle small construction

---

1. The defendants' names were misspelled when the case was filed.  The error appears periodically in the record, including the transcript herein.  Except for the caption, the correct spelling has been used in this opinion.

and renovation projects. Defendant's Trial Memorandum ("Def.Mem.") at 2. In June 1996, Thomsen was approached by the Mason Tenders Local 79 and asked to sign an independent collective bargaining agreement. Transcript from trial conducted on March 12, 2001 ("Tr.") at 8. The contract required contribution to the Funds from June 1, 1996, to June 30, 1999. Plaintiff's Trial Exhibit 1 ("PX") at 17. Thomsen signed the contract. *Id.* at 18. The company's business began to decline and in late 1998, Thomsen Construction went out of business. Tr. at 11. Thomsen Construction has had no employees since May 1999, and no earnings since 1998. Def. Mem. at 3. Thomsen continued making contributions to the Funds in December 1998 and January 1999. Tr. at 11. During and after Thomsen Construction's periodic payments, Thomsen attempted to arrange a payment schedule with the Funds. Def. Mem. at 3. The Funds, however, filed the instant action. *Id.*

## III. DISCUSSION

### A. Plaintiff's Claim Under § 301 of the Labor Management Relations Act ("LMRA")

■ Claims for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce are authorized under § 301 of the LMRA. *See* 29 U.S.C. § 185(a). Mason Tenders is expressly authorized to sue under § 301, and the Funds are authorized to bring suit as independent legal entities pursuant to § 1132(d)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Federal law governs suits brought pursuant to § 301, but "state law, 'if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy.'" *Lerner v.*

*Amalgamated Clothing & Textile Workers Union,* 938 F.2d 2, 5 (2d Cir.1991) (*quoting Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 457, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)). New York law meets this standard and thus applies. *Id.*

### B. Thomsen's Personal Liability

■ Pursuant to New York law, an agent signing an agreement on his principal's behalf, will not be found personally liable under the terms of the agreement "'unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal.'" *Lerner,* 938 F.2d at 5 (*citing Mencher v. Weiss,* 306 N.Y. 1, 4, 114 N.E.2d 177 (1953)). The reason for this policy is that "'[i]n modern times most commercial business is done between corporations,' not individual stockholders or officers of the corporation, who in many instances, own little or no stock in the corporation." *Id.* (*quoting Salzman Sign Co. v. Beck,* 10 N.Y.2d 63, 67, 217 N.Y.S.2d 55, 176 N.E.2d 74 (1961)). Thus, personal liability is found "only in rare cases." *Id.*

■ The factors considered in determining whether personal liability exists include the length of the contract, the placement of the liability clause relative to the signature line, the appearance of the signatory's name in the agreement itself, the nature of the negotiations that surrounded the formation of the agreement, and lastly, the signatory's role in the company. *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo,* 35 F.3d 29, 35 (2d Cir.1994). Mason Tenders asserts that Thomsen should be found personally liable when these factors are applied. Plaintiff's Trial Memorandum of Law ("Pl.Mem.") at 4–5. In *Lollo,* the court found one of the defendants personally liable based on a clause which unequivocally fixed personal liability and which was prominently dis-

played directly above the signature line of the contract. 35 F.3d at 35. Moreover, that explicit provision was bargained for and agreed to after lengthy negotiations. *Id.* Further, while the officer's name was not included in the text of the contract, it was written into the contract just above the signature line. *Id.* Finally, it was uncontested that the officer had authority to sign on his company's behalf as president and on his own behalf. *Id.*

The facts of this case, however, differ substantially from those in *Lollo.* While the provision assigning personal liability in the contract at issue also appears just above the signature line of the contract, unlike the clause in *Lollo,* the provision was not negotiated. At trial, David Bolger ("Bolger"), a field representative for Mason Tenders testified that he had no discussions regarding the contract with Thomsen prior to the agreement's execution. Tr. at 5. Nor was Bolger present when Thomsen was given a copy of the agreement. Tr. at 4–5. During trial, Thomsen took the stand in his own defense. The Court found him to be a credible witness. Mason Tenders did not challenge his credibility, nor was his testimony contradicted. Thomsen stated at trial that he was approached by two business delegates who asked him if he had a contract with Local 79. Tr. at 8. He said he did not, and sometime later, they returned with the contract and "intimated there would be [a] job action and problems" if he did not sign. Tr. at 8–9.

Additionally, it appears that Thomsen, although involved in the construction business for some time, had never negotiated collective bargaining agreements. Tr. at 6–7. In fact, prior to signing this contract, he had never been a signatory to such an agreement. Tr. at 7. Thomsen Construction was the first business he owned. Tr. at 8. Although, Thomsen read most of the agreement before signing it, he neglected to read the clause right above the signature line making him personally liable on the contract. Tr. at 9, 13. He did not have an attorney review the contract. *Id.* Finally, no one explained to Thomsen that by signing he was assuming personal liability. Tr. at 10. Indeed, Thomsen's sole reason for incorporating his construction company was to avoid personal liability. Tr. at 8. All of these facts serve to distinguish this case from *Lollo,* where the clause fixing personal liability was expressly bargained for. *See Paribas Properties, Inc. v. Benson,* 146 A.D.2d 522, 525–26, 536 N.Y.S.2d 1007 (1st Dept.1989) (holding defendant personally liable pursuant to a provision, in a three page letter agreement, assigning personal liability because that specific provision had been expressly negotiated and revised various times).

Finally, while Thomsen's name appears nowhere in the contract, he is simply referred to as "Employer," Mason Tenders correctly points out that his name was written into the contract directly below his signature. Pl. Mem. at 5. The signature line first calls for the company's name. Thomsen's signature appearing below that, follows the word "by." Underneath that signature line, appears Thomsen's printed name followed by a hyphen and the word "president." "In legal parlance, the employment of the word 'by' means '[t]hrough the means, act, agency, or instrumentality of, particularly when it is used preceding a signature.'" *Lerner,* 938 F.2d at 5–6 (internal citation omitted). Further, the fact that Thomsen printed the word "president" next to his name is more evidence that he was signing the contract in his official capacity. *Id.* at 6; *Salzman Sign Co. v. Beck,* 10 N.Y.2d 63, 67, 217 N.Y.S.2d 55, 176 N.E.2d 74 (1961) (stressing the "great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate offi-

cer"). Accordingly, the Court finds that Thomsen is not personally liable under the contract. Judgement is therefore ordered for Thomsen.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Mason Tenders has failed to prove that Thomsen was personally liable under the agreement. Therefore, the Court finds in favor of the defendant, Thomsen. The parties having agreed to liability on the part of Thomsen Construction, Inc., judgment will be entered against it.