■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v GRADE A AUTO BODY, INC., Defendant, and AMELIA S. CAVANAUGH, Appellant. [799 NYS2d 748]——

In an action to recover damages for breach of contract, the defendant Amelia S. Cavanaugh appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated July 29, 2003, which denied her motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court entered December 2, 2002, upon her default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 5015 (a) (1) to vacate her default in appearing or answering the complaint since she failed to proffer a reasonable excuse for her default (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Taylor v Saal,* 4 AD3d 467 [2004]; *Dominguez v Carioscia,* 1 AD3d 396, 397 [2003]). The appellant's mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Carrenard v Mass,* 11 AD3d 501 [2004]; *Truscello v Olympia Constr.,* 294 AD2d 350, 351 [2002]; *Wieck v Halpern,* 255 AD2d 438 [1998]). Even if the appellant's motion were treated as one made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra* at 143; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497, 498 [1992]), she failed to demonstrate that she did not personally receive notice of the summons in time to defend the action (*see 96 Pierrepont v Mauro,* 304 AD2d 631 [2003]; *Waldon v Plotkin,* 303 AD2d 581 [2003]). Moreover, the appellant failed to set forth facts sufficient to establish the existence of a meritorious defense (*see Florence Corp. v Penguin Constr. Corp.,* 227 AD2d 442 [1996]; *Brewster Tr. Mix Corp. v McLean,* 169 AD2d 1036 [1991]).

The appellant's contention that the plaintiff failed to timely seek to enter a default judgment (*see* CPLR 3215 [c]) was not raised in her motion to vacate the default and, therefore, may not be considered for the first time on appeal (*see Zeballos v Zeballos,* 104 AD2d 1033 [1984]).

The appellant's remaining contentions are either improperly

raised for the first time on appeal or without merit. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.