10-1547-cv
Dolphin Direct Equity Partners v. Interactive Motorsports & Entm't Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
              GUIDO CALABRESI,
              DENNY CHIN,
                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
INTERACTIVE MOTORSPORTS AND
ENTERTAINMENT CORPORATION, RACE CAR
SIMULATORS, INCORPORATED, WILLIAM
DONALDSON, AND PERFECT LINES,
INCORPORATED,

          Defendants-Appellants,

          -v.-                                          10-1547-cv

DOLPHIN DIRECT EQUITY PARTNERS, LP,
AND RACE CAR SIMULATION CORPORATION,

          Plaintiffs-Appellees.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**    Mario DeMarco
                       Law Office of Mario DeMarco
                       Port Chester, NY

**FOR APPELLEES:**     Michael Tiger
                       Hughes Hubbard & Reed LLP
                       New York, NY

Partial appeal from the grant of summary judgment for Appellees on all issues by the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's grant of summary judgment in favor of Appellees and its assessment of damages against Appellants are **AFFIRMED.**

Appellants appeal the summary judgment ruling that they breached the Asset Purchase, Noncompetition, and Management Agreements (the "Agreements") when they sold and leased SMS and Reactor racecar simulators not owned by Appellees while Appellees' simulators sat idle (<u>i.e.</u>, were not being leased out).  They also appeal the district court's ruling that William Donaldson is liable in his personal capacity for his breaches of the Noncompetition Agreement.  The district court's damage award is also contested.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed <u>de novo</u>.  <u>Guest v. Hansen</u>, 603 F.3d 15, 20 (2d Cir. 2010).  "Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact."  <u>Id.</u>  Interpretation of the terms of a legally binding agreement, such as a contract, are questions of law and therefore appropriate for summary judgment.  <u>See</u> <u>Cent. States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.</u>, 504 F.3d 229, 247 (2d Cir. 2007) ("[W]e review de novo a district court's legal conclusions with respect to its interpretation of the terms of a settlement agreement.").

The record supports the conclusion that, as a matter of law, Appellants breached the Agreements when they leased SMS simulators, sold SMS simulators, and leased Reactor

simulators while Appellees' simulators were idle.  As to the SMS leases, Appellants advance no argument to the contrary.  As to the SMS sales and the Reactor leases, the Noncompetition and Management Agreements both include broad prohibitions on Appellants competing with Appellees in the racecar simulator market.  These prohibitions make no distinction between leases and sales, and they make no distinction among types of racecar simulators.  A straightforward reading of these Agreements compels the conclusion that they prohibited Appellants from selling SMS simulators and from leasing Reactor simulators while any of Appellees' simulators were idle.

Appellants argue that, in any event, Donaldson cannot be held liable personally because he signed the Noncompetition Agreement only in his official capacity as an officer for the Appellant corporations.  Under New York contract law, "an agent for a disclosed principal will not be personally bound [by the contract] unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal."  Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 67 (1961) (internal quotation marks omitted); see also Lerner v. Amalgamated Clothing & Textile Workers Union, 938 F.2d 2, 5 (2d Cir. 1991).  Donaldson's argument is defeated by the first sentence of the Noncompetition Agreement, which identifies the parties and provides that the contract binds "William Donaldson" (making no reference to any official capacity).  Likewise, the signature block at the end of the contract is signed by Donaldson with no title attached to his signature (Donaldson signed all of the other contracts with the title "CEO" below his name).  Moreover, given the existence of the simultaneously executed Management Agreement, which functioned as a *corporate* non-compete agreement, the Noncompetition contract would be wholly superfluous unless it was intended to bind Donaldson personally.

Although Appellants assert that the district court miscalculated the damages it awarded Appellees, Appellants failed to identify evidence or advance a coherent argument in support of this assertion.  In any event, Appellants waived this argument by failing to raise it in front of the district court below.  The district court's damages calculation is affirmed.

We hereby **AFFIRM** in full the district court's grant of summary judgment in favor of Appellees and its assessment of damages against Appellants.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK