16-998-cv
*Seguros Nuevo Mundo S.A. v. Trousdale*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand sixteen.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*,
           BRIAN M. COGAN,
                   *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEGUROS NUEVO MUNDO S.A.,
           *Plaintiff-Appellant*,

                   v.                                    16-998-cv

B. ALLEN TROUSDALE,
           *Defendant-Appellee.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]        Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

[**]        The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:            ALAN M. POLLACK, John D. D'Ercole,
                                    Robinson Brog Leinwand Greene Genovese &
                                    Gluck P.C., New York, New York.

FOR DEFENDANT-APPELLEE:             PETER J. PIZZI, Mariel L. Belanger, Walsh
                                    Pizzi O'Reilly Falanga LLP, Newark, New
                                    Jersey.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Seguros Nuevo Mundo S.A. ("Seguros") appeals the district court's March 25, 2016 judgment dismissing Seguros's amended complaint (the "Complaint"). Seguros's claims arise out of defendant-appellee B. Allen Trousdale's alleged breach of a personal guaranty, which Seguros seeks to enforce.[1] The district court granted Trousdale's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), explaining its reasoning in its March 25, 2016 memorandum and order. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

In the Complaint, Seguros alleges the following facts. Grad Associates P.A. ("Grad"), an architectural firm that Trousdale owned and controlled, and Eiffel

---

[1] The district court had diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), as Seguros is a citizen of a foreign state (Venezuela) and Trousdale is a citizen of New York.

Engineering Technique, C.A. ("Eiffel") formed a joint venture and contracted with the Republic of Venezuela ("Venezuela") to design and build a prison in Venezuela. Venezuela required the issuance of certain payment and performance bonds. Seguros, an underwriter of payment and performance bonds, issued bonds for the project. As a condition to issuing the bonds, Seguros obtained a guaranty (the "Guaranty") signed by Trousdale "on behalf of" Grad guaranteeing any amounts that Seguros was required to pay to Venezuela under the bonds. J. App. at 45. Following the joint venture's alleged breach of its construction contract, Venezuela sued Seguros, and Seguros paid Venezuela $12 million in settlement of the lawsuit. Seguros seeks to recover that amount, plus costs, fees and other damages, from Trousdale personally pursuant to the Guaranty.[2] Trousdale defended the action by arguing that the Guaranty was not a personal guaranty, and that he signed only as a representative of Grad.

The district court dismissed the Complaint, finding that it failed to plausibly allege "clear and explicit evidence" of Trousdale's intent to be bound by the Guaranty in his individual capacity. *Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991) (quoting *Mencher v. Weiss*, 306 N.Y. 1, 4 (1953)). For the reasons discussed below, we agree.

We review *de novo* the district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in

---

[2] Seguros does not seek recovery from Grad, which terminated its business operations prior to the date that Seguros filed its initial complaint.

3

the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered" on a motion to dismiss. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under New York law, where an individual acts in his capacity as an agent of a disclosed principal, the agent "will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." *Salzman Sign Co. v. Beck*, 10 N.Y.2d 63, 67 (1961) (quoting *Mencher*, 306 N.Y. at 4).

Accepting all Seguros's factual allegations as true and drawing all reasonable inferences in its favor, we conclude that the Complaint does not plausibly allege that Trousdale agreed to be personally liable on the Guaranty. The plain language of the Guaranty, as set forth in the translation attached to the Complaint,[3] states that Trousdale was "acting in [his] capacity of President" and "on behalf of GRAD ASSOCIATES P.A." J. App. at 45. Furthermore, the Complaint is silent as to the structure of the transactions between the parties, the negotiations, or any other

---

[3] We reference the revised translation of the Guaranty filed with the Complaint, to which Trousdale has not objected.

4

circumstances under which Trousdale executed the Guaranty. Without more, the Complaint fails to identify or point to "clear and explicit evidence" of Trousdale's intent to substitute or add his personal liability for or to that of Grad. *Salzman*, 10 N.Y.2d at 67. Accordingly, we hold that the district court properly dismissed the Complaint for failure to state a claim.

We have considered all of Seguros's additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk