Payoneer Early Payments Inc. v Sperber (2024 NY Slip Op 50089(U))

[*1]

Payoneer Early Payments Inc. v Sperber

2024 NY Slip Op 50089(U)

Decided on January 25, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 25, 2024
Supreme Court, New York County

Payoneer Early Payments Inc., Plaintiff,

against
Elimelech Sperber and E&S Journey, Inc., Defendant.

Index No. 654864/2023

DLA Piper LLP (US), New York, NY (Melissa J. Godwin of counsel), for plaintiff.
Joseph Y. Balisok, Esq., Brooklyn, NY, for defendants.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17, 21, 22, 23, 24 were read on this motion for SUMMARY JUDGMENT IN LIEU OF COMPLAINT.
This is a motion-action brought under CPLR 3213 by plaintiff, Payoneer Early Payments Inc., to collect on sums allegedly owed by defendants, Elimelech Sperber and E&S Journey, Inc., under a merchant-cash-advance agreement. The motion is denied; the action is dismissed as against defendant Sperber; and the action is converted into a plenary action as to plaintiff's claims against E&S Journey.
BACKGROUND
This action arises from a cash-advance agreement entered into in August 2019.[FN1]
(NYSCEF No. 4.) Under the agreement, plaintiff purchased $374,500 of E&S Journey's future receivables (and charged a $7,490 transaction fee). (See NYSCEF No. 4 at § 4.1 [a]; NYSCEF No. 5 [transaction summary].) E&S Journey agreed to deliver the purchased receivables through (i) providing plaintiff 35% of its receivables over the ensuing five months; and, if amounts [*2]remained outstanding thereafter, by (ii) providing plaintiff 100% of its receivables until the full purchased amount had been delivered. (See NYSCEF No. 4 at § 4.1 [b]; NYSCEF No. 5.)
The agreement identifies several events of default. (See NYSCEF No. 4 at § 11.) Failure to deliver the purchased amount is not, standing alone, a default. (See id.) In fact, the agreement emphasizes that the agreement is "for a sale of your Receivables to us, not a loan," and that an "advantage to you of selling Receivables instead of borrowing money is that Purchaser's payment is entirely dependent on the Receivables you generate in the due course of business." (Id. at § 2.) No receivables brought in by E&S Journey, no receivables delivered to plaintiff. And although the agreement does state that a sale to a third party of "all or substantially all of the assets used in the operation of the business," or a "material[ ] change[ ] [in] the operation of" the business, will constitute defaults, it caveats that plaintiff "will not consider any of these acts to be an event of default if they occur because you go out of business in the ordinary course." (Id. at § 11.)
It is undisputed that between September 2019 and February 2020 E&S Journey delivered to plaintiff $287,334.97 of the total amount; and that the remaining $94,655.03 remains unpaid. (See NYSCEF No. 6 [payments summary].)
In October 2023, plaintiff brought this action under CPLR 3213, seeking the $94,655.03, plus attorney fees (as provided for under the agreement). Defendants cross-moved to dismiss under CPLR 3211 (a) (1). Plaintiff's motion is denied. Defendant's cross-motion is granted as to defendant Sperber and denied as to defendant E&S Journey.

 DISCUSSION
I. Plaintiff's CPLR 3213 Summary-Judgment Motion
The accelerated procedure under CPLR 3213 is available only for "instruments for the payment of money only." To succeed on a CPLR 3213 motion, a plaintiff must prove its right to payment "from the face of a document, without regard to extrinsic evidence." (Matas v Alpargatas S.A.I.C., 274 AD2d 327, 328 [1st Dept 2000].) "Put another way, a document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms," with no outside proof needed other than "simple proof of nonpayment or a similar de minimis deviation from the face of the document," such as a readily accessible interest rate. (Weissman v Sinorm Deli, Inc., 88 NY2d 437, 444 [1996] [internal quotation marks omitted].)
Plaintiff's claims do not satisfy this requirement. Plaintiff asserts that because its "right to repayment appears on the face of the Agreement, and no further outside proof is required, the agreement constitutes an instrument for the payment of money only." (NYSCEF No. 9 at 6.) This court disagrees.
As plaintiff's own form agreement emphasizes (see NYSCEF No. 4 at § 2), plaintiff does not have an absolute right to repayment. Plaintiff has a right to receive a contractually specified percentage of E&S Journey's future receivables, until all purchased receivables have been delivered. But if E&S Journey has no future receivables to deliver, and does not otherwise default, plaintiff would have no further recourse or right to payment. (See id. at §§ 10 [non-recourse provision], 11 [description of what conduct will, and will not, constitute a default].) Thus, determining plaintiff's right to payment from E&S Journey entails looking at whether or not ES& Journey continued to bring in receivables through its business, and whether E&S [*3]Journey's actions constituted a default.[FN2]
This information far exceeds a "de minimis deviation from the face of the document," as CPLR 3213 envisions.
Plaintiff's CPLR 3213 motion is denied.
II. Defendants' CPLR 3211 Cross-Motion to Dismiss
Defendants cross-move to dismiss under CPLR 3211 (a) (1). The motion is denied as to defendant E&S Journey and granted as to defendant Sperber.
A. E&S Journey's Cross-Motion to Dismiss
As noted above, the underlying agreement provides, in effect, that a failure to deliver purchased receivables that results from a business failing in the ordinary course and therefore not bringing in any receivables is not a default, as long as the business does not declare bankruptcy. (See NYSCEF No. 4 at §§ 10, 11.) Defendants submit an affidavit of defendant Sperber representing that E&S Journey went out of business in early 2020 in the ordinary course of business; and attach a contemporaneous email from Sperber to plaintiff to support this representation. (See NYSCEF No. 15 at ¶¶ 9-16; NYSCEF No. 16.) But whether or not the facts represented in the affidavit and email could constitute a viable defense—an issue this court does not now reach—those materials are not documentary evidence and do not conclusively disprove plaintiff's claims, as required to warrant dismissal under CPLR 3211 (a) (1). (See Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 621 [1st Dept 2018] [discussing standard for dismissal under CPLR 3211 [a] [1]]; Fontanetta v Doe, 73 AD3d 78, 84-85 [2d Dept 2010] [discussing definition of "documentary evidence"].)
B. Sperber's Cross-Motion to Dismiss
This court reaches a different conclusion with respect to defendant Sperber. His documentary-evidence argument, grounded in the underlying agreement itself, is simple: He is not a party to the agreement and therefore may not be held liable on it. The court agrees.
An "agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." (Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964] [internal quotation marks omitted].) The "best indicator of that intent is the form of signature" on the agreement. (Bank of America, N.A. v ASD Gem Realty LLC, 205 AD3d 1, 7 [1st Dept 2022].) Most commonly, an officer intending to be "held personally liable for his corporation's undertaking" will "sign twice—once in his representative capacity and again as an individual." (Paribas Props., Inc. v Benson, 146, AD2d 522, 525 [1st Dept 1989].)
Sperber is an agent of a disclosed principal, namely his business, E&S Journey. But he did not sign the underlying contract. Indeed, the agreement lacks any formal signature page. Instead, a footer on every page recites that the agreement is "Accepted By: E S Journey Inc" and gives the date and time that the acceptance was recorded. (See generally NYSCEF No. 4.) The agreement also does not have an operative provision making Sperber, or E&S Journey's officers, individually liable (either as guarantors or co-obligors). Plaintiff relies instead on the contract's [*4]definitional section. The contract defines "[y]ou," "your," and "[s]eller" to include both the merchant selling its receivables to plaintiff and "any affiliated natural person, legal entity[,] or other business affiliate acting on its behalf in connection with . . . the Receivables, as identified by the Transaction Summary." (Id. at § 3.) The transaction summary, in turn, is addressed by name to Sperber. (NYSCEF No. 5.) Plaintiff argues that these two provisions, taken together, render Sperber liable under the agreement as a co-obligor with E&S Journey. This argument is unpersuasive.
The foundational modern precedent in this area is the Court of Appeals's decision in Salzman Sign Co. v Beck (10 NY2d 63 [1961]). In that case, the contract at issue provided that "[w]here the Purchaser is a corporation, in consideration of extending credit to it, the officer or officers signing on behalf of such corporation, hereby personally guarantee the payments hereinabove provided for." (Id. at 65.) The president of the purchaser-corporation, defendant Beck, signed the agreement only as president of the corporation. The seller, relying on the contract's personal-guarantee language, sued Beck on the theory that he had made himself individually liable by signing. The Court of Appeals, affirming the courts below, held that he had not. In reaching that conclusion, the Court expressed concern about the "great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate officer." (Id. at 67.) Instead, a "statement in the contract purporting to bind the signing officer individually is not sufficient . . . without some direct and explicit evidence of actual intent," such as the two-signature practice referenced above. (Id.)
In Paribas Properties v Benson, the Appellate Division, First Department, applying this doctrine, held that a corporate officer had made himself individually liable on the contract at issue. In so holding, the First Department distinguished Salzman Sign Co. on the ground that the case at hand, unlike Salzman, was not "in which a single sentence in a lengthy contract created a trap for an unwary agent." (146 AD2d at 525.)[FN3]
The First Department in Paribas noted that unlike the "printed form contract in Salzman Sign Co.," which "did not specifically identify the defendant but merely provided" for personal liability "in a boilerplate clause," the contract before it was a three-page letter agreement in which "the critical paragraph appears distinctly just above the signature" and expressly provided for the individual liability of the defendant, by name. (Id. at 524, 525.)
In this action, like Salzman Sign Co. and unlike Paribas Properties, plaintiff premises a defendant's individual liability on a single sentence in a lengthy form contract that does not identify the putative individual obligor by name, or even by title.[FN4]
Indeed, the case for individual [*5]liability is weaker than in Salzman Sign Co. There, at least, the contract expressly stated that the officer signing the contract would thereby become individually liable, and the defendant officer signed the contract. Neither is true here. At most, the transaction summary states that Sperber was accepting the agreement on behalf of himself and E&S Journey. (NYSCEF No. 5.) The record, however, does not reflect (and plaintiff does not say) what information, or what acts by Sperber, that statement derives from.
In short, even taken together the contract and transaction summary lack the necessary "clear and explicit intention" of Sperber to "superadd his personal liability . . . [to] that of his principal," E&S Journey. (Savoy Record Co., 15 NY2d at 4.) The contract itself thus conclusively defeats plaintiff's claim against Sperber.
Accordingly, it is
ORDERED that plaintiff's CPLR 3213 summary-judgment motion is denied; and it is further
ORDERED that defendant E&S Journey's CPLR 3211 (a) (1) cross-motion to dismiss is denied; and it is further
ORDERED that defendant Sperber's CPLR 3211 (a) (1) cross-motion to dismiss is granted, and plaintiff's claims against Sperber are dismissed, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that plaintiff's claims against E&S Journey are severed and shall continue; and it is further
ORDERED that those claims are converted into a plenary action, with plaintiff's motion papers deemed a complaint and supporting exhibits, and E&S Journey's opposition papers deemed an answer and supporting exhibits; and it is further
ORDERED that plaintiff and E&S Journey appear before this court for a telephonic preliminary conference on February 23, 2024; and it is further
ORDERED that plaintiff serve a copy of this order with notice of its entry on all parties and on the office of the County Clerk ((by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/ courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
Dated: January 25, 2024
Hon. Gerald Lebovits
J.S.C.

Footnotes

Footnote 1:The agreement was made, at a minimum, between plaintiff and defendant E&S Journey, Inc.: E&S Journey electronically signed at the bottom of every page. Plaintiff contends that defendant Sperber is also a party to the agreement. (See generally NYSCEF No. 4.) Sperber disputes that contention. This court addresses that issue further below.

Footnote 2:For this same reason, this court is skeptical that the evidence submitted by plaintiff on this motion—i.e., proof of nonpayment of the $94,665.03 (see NYSCEF No. 3 at ¶¶ 6-11, NYSCEF No. 6)—would be sufficient to make out a prima facie case at summary judgment. The court declines to resolve that question on the current motion, however, given its conclusion that the underlying agreement is not an instrument for the payment of money only.

Footnote 3:The Appellate Division, Second Department, distinguished Salzman Sign Co. on similar grounds in Florence Corp. v Penguin Constr. Corp. (227 AD2d 442, 443 [2d Dept 1996].) There, the one-page credit agreement executed by the individual defendant "expressly and unambiguously made him a co-obligor thereunder," referencing both he and his corporation by name. (Id.) Thus, unlike Salzman Sign Co., the case did not arise from a "situation wherein the plaintiff attempted to trap an unwary corporate officer into making an unintended assumption of personal liability by inserting an obscure clause in the midst of a lengthy and complex contract." (Id.)

Footnote 4:The contract, excluding an appendix governing receivables purchases in England, comprises 28 sections, occupying nearly seven pages of fine print. (See NYSCEF No. 4.)