■ CRISAFULLI BROTHERS, INC., Appellant, v HAROLD KILMARTIN, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered July 23, 1983 in Albany County, which denied plaintiff's motion for summary judgment against defendant Harold Kilmartin. ¶ Plaintiff sells food supplies to restaurants and other commercial enterprises. In December of 1981, plaintiff agreed to provide foodstuffs necessary for the operation of defendant Mr. Laff's, Inc., a new restaurant business. Defendant Harold Kilmartin, in connection with this agreement, signed a guarantee agreement in his own name. The third and final paragraph of the guarantee agreement was as follows: "I/We personally guarantee payment in full to Crisafulli Bros., Inc. including any and all delinquency charges, collection costs and attorney's fees incurred as specified above, and waive any presentment, demand, protest, and any other notice from Crisafulli Bros., Inc. regarding this guarantee of payment." There appeared below the body of this agreement four lines for signatures. There was no designation under the top two signature lines. However, the word "guarantor" appeared under the bottom two signature lines. Defendant Kilmartin's signature appeared on the top signature line without any designation. ¶ Mr. Laff's, Inc., defaulted on its payments to plaintiff for food supplies and went out of business. Plaintiff commenced this suit against the corporation and Kilmartin. The corporate defendant defaulted. Defendant Kilmartin put in an answer and plaintiff moved for summary judgment, claiming that Kilmartin was personally liable under the above-mentioned guarantee agreement. Special Term found that an ambiguity existed with respect to the capacity in which Kilmartin signed the guarantee agreement, creating a question of fact for a jury to determine, and denied plaintiff's motion for summary judgment. This appeal ensued. ¶ There should be a reversal and summary judgment granted in favor of plaintiff

against defendant Kilmartin. The language of the guarantee agreement must be given its ordinary meaning. The title clearly indicates that it is a guarantee agreement, the body states that payment to plaintiff is personally guaranteed, and the agreement concludes with the words "regarding this guarantee of payment". The guarantee herein is not ambiguous and defendant Kilmartin clearly signed in his individual capacity without qualification. Plaintiff is therefore entitled to summary judgment in its favor (*Sullivan County Wholesalers v Cornwall Constr. Co.,* 90 AD2d 914). ¶ Order reversed, on the law, motion granted and summary judgment awarded to plaintiff against defendant Kilmartin, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.