■ RCA RECORDS, a Division of RCA CORPORATION, Respondent, v DANIEL WIENER, Appellant.—Judgment, Supreme Court, New York County (Felice K. Shea, J.), entered on or about April 7, 1989, after a nonjury trial, which awarded plaintiff damages in the amount of $62,526.30 for breach of contract, unanimously affirmed, with costs and disbursements. The appeal, having been taken from the order of the same court entered March 14, 1989, is deemed to be taken from the judgment entered thereon.

A defense that a corporate plaintiff has failed to comply with the requirements of Business Corporation Law § 1312 is based on the premise that plaintiff is without legal capacity to sue, and this defense is waived unless raised either by motion to dismiss or in the responsive pleading. (CPLR 3211 [a] [3]; [e].) In his affidavit in support of a motion to dismiss for failure to state a cause of action, defendant's mere statement that plaintiff may not have complied with Business Corporation Law § 1312, without seeking relief on this ground, was insufficient to raise it as a defense and it was therefore waived.

The evidence was sufficient to support the court's finding that the guarantee was signed by defendant in his individual capacity and that he was therefore personally liable for the debt. In light of the clear language of the guarantee, the mere fact that defendant typed "President" beneath his signature did not create an ambiguity sufficient to warrant the introduction of parol evidence. Even if it had, the extrinsic evidence supported the interpretation that the parties intended that defendant would be personally liable.

We have examined defendant's remaining contentions and have found that they are without merit. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.