STUYVESANT PLAZA, INC., Appellant, v EMIZACK, LLC et al., Respondents. [763 NYS2d 146] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (McNamara, J.), entered June 6, 2002 in Albany County, which, inter alia, granted a cross motion by defendant Donna M. Dietz for summary judgment dismissing the complaint against her.

In December 1997, defendant Donna M. Dietz, the president and owner of defendant Emizack, LLC, signed a five-year lease on behalf of Emizack for space in a shopping center owned by plaintiff in the Town of Guilderland, Albany County. She was also asked to sign a document entitled "guaranty of lease." Dietz signed both the lease and guaranty in exactly the same fashion, i.e., as "Donna M. Dietz for Emizack, LLC." In October 2000, following a series of purported problems with the premises, Emizack left the leased space. Plaintiff then commenced the current action against Emizack for breach of the lease and against Dietz, individually, based on the purported guaranty. Plaintiff eventually moved for summary judgment against both defendants and Dietz cross-moved for summary judgment dismissing the complaint as against her individually. Supreme Court granted plaintiff summary judgment against Emizack, but also granted the cross motion of Dietz for dismissal of the action against her. Plaintiff appeals from so much of Supreme Court's order as denied its motion against Dietz and granted the cross motion.

Plaintiff argues that the guaranty is clear on its face and, thus, it should have been granted summary judgment against Dietz. Alternatively, plaintiff contends that there are factual questions precluding summary judgment for Dietz. Determining whether an alleged agreement is ambiguous is a question of law to be decided by the court after analysis of the four corners of the instrument (*see Kass v Kass*, 91 NY2d 554, 566 [1998]; *Todd v Grandoe Corp.*, 302 AD2d 789, 790 [2003]). If an ambiguity exists, then extrinsic evidence may be considered (*see F & K Supply v Willowbrook Dev. Co.*, 288 AD2d 713, 714 [2001]; *Ruthman, Mercadante & Hadjis v Nardiello*, 260 AD2d 904, 906 [1999]). Here, the body of the relevant document, which was prepared by plaintiff, refers to an obligation

incurred by "the undersigned." Nowhere in the document is Dietz, individually, or anyone else identified as "the undersigned." Instead, a blank line appears for the signature of the undersigned, which was signed by Dietz for the corporation (*see Salzman Sign Co. v Beck*, 10 NY2d 63 [1961]).

This is not a case of an individual merely adding his or her corporate title while signing a document that contains language in the body of the agreement identifying such person as an individual guarantor (*see PNC Capital Recovery v Mechanical Parking Sys.*, 283 AD2d 268, 269-271 [2001], *lv dismissed* 96 NY2d 937 [2001], *appeal dismissed* 98 NY2d 763 [2002]; *Chemical Bank v Masters* 176 AD2d 591, 591 [1991]; *cf. Warren-Connolly Co. v Saphin*, 283 App Div 391, 392-393 [1954]). The relevant document does not identify Dietz as acting in an individual capacity and, indeed, she signed it in a fashion identical to the way she signed the lease, which undisputedly applied only to Emizack. Such facts give rise to a question regarding who was purporting to guaranty the lease and, thus, the consideration of extrinsic evidence by Supreme Court was proper.

The affidavits of Dietz and William Duckman, Dietz's spouse who acted as business manager for Emizack, stated that they specifically informed plaintiff during the lease negotiations that no personal guaranty would be executed. Indeed, a letter from Duckman written to plaintiff during the lease negotiations states: "Donna [Dietz] will be signing the lease for the corporation, as we agreed, no personal gauranty [*sic*] will be involved, the corporation will be solely responsible for the lease." Dietz and Duchman also attested that, at the lease signing when they saw the guaranty for the first time, plaintiff's representative assured them that it was not a personal guaranty but simply a standard form by which Emizack reaffirmed its obligation to pay rent. Dietz states in her affidavit that, based upon such representation, she executed the document, signing it in exactly the same manner as she had signed the lease.

While an ambiguity in an alleged agreement generally gives rise to a factual issue for the trier of fact (*see F & K Supply v Willowbrook Dev. Co., supra* at 714), Dietz submitted proof to meet her threshold burden on the cross motion of establishing that she never intended to execute a personal guaranty and that there was no meeting of the minds on this material element of the document. Interestingly, although Dietz's papers included very short excerpts from the deposition testimony of the agent of plaintiff who was involved in negotiating and exe-

cuting the germane documents, plaintiff produced no evidence from such individual either in support of its motion or in opposition to the cross motion. Indeed, plaintiff did not submit any papers in opposition to the cross motion. The sworn statements and accompanying proof of Dietz are unchallenged by any competent proof from plaintiff and, under such circumstances, Supreme Court correctly granted Dietz's cross motion (*see Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 553-554 [1982]).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.