■ KENNETH ERMIGER, Respondent, v GENE BLACK et al., Appellants. (And a Third-Party Action.) [827 NYS2d 764]—

Kane, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered November 1, 2005 in Warren County, which, inter alia, partially granted plaintiff's motion for summary judgment.

Plaintiff entered into a contract to purchase a parcel of real property from defendants Gene Black, Elio Micheli, Michael R. Micheli, Jean M. Rooney, Joseph A. Micheli and Green Harbour-Cooper Point Acres (hereinafter collectively referred to as defendants). Just prior to closing on the property, the Green Harbour Homeowners' Association commenced an action against plaintiff and defendants seeking to clarify and enforce its rights to an easement located on the property. While that action was pending, plaintiff agreed to proceed with the purchase of the property and entered into an escrow agreement with defendants whereby he would deposit $400,000 of the purchase price into an escrow account. Pursuant to the agreement, third-party defendant was designated the escrow agent and was directed to return the funds to plaintiff if certain specified events occurred, including if the Association's legal action resulted in the "granting of a fee or easement interest to which the real property conveyed pursuant to the [a]greement is made subject." If the specified events did not occur, the funds would be released to defendants.

After extended litigation (*see generally Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962 [2005]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005]; *Matter of Green Harbour Homeowners' Assn. v Town*

*of Lake George Planning Bd.*, 1 AD3d 744 [2003]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465 [2003], *lv dismissed* 100 NY2d 640 [2003]), this Court determined that the Association was entitled to an easement for vehicular and pedestrian access over a certain roadway and pedestrian access over a strip of land on the subject parcel (*see Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965-966 [2005], *supra*). In light of the final determination of the Association's litigation, plaintiff demanded the escrow funds. Defendants objected to the payment of the escrow funds to plaintiff and demanded that the funds instead be turned over to them because none of the triggering events had occurred. Plaintiff commenced this action seeking, among other things, release of the escrow funds. Defendants and defendant Jones Ferradino, as assignee of Rooney, counterclaimed for release of the funds to them and served a third-party complaint on the escrow agent. Supreme Court granted plaintiff's motion for partial summary judgment and denied defendants' cross motion for the same relief, ordering the release of the escrow funds to plaintiff. Defendants and Ferradino appeal.

Plaintiff is entitled to receive the funds from the escrow account. An unambiguous contract will be enforced as written. Courts determine as a matter of law whether a contract is ambiguous by looking at the document itself and the circumstances under which it was executed, and only look to extrinsic evidence if an ambiguity exists (*see Kass v Kass*, 91 NY2d 554, 566 [1998]; *Stuyvesant Plaza v Emizack, LLC*, 307 AD2d 640, 640 [2003]). Here, despite defendants' and Ferradino's attempt to show alternative interpretations of the escrow agreement through a strained reading of one provision, the parties' contract is not ambiguous. Defendants and Ferradino contend that the specific event in the provision at issue would only occur if a deed were executed to convey an easement or property right in the subject parcel. Yet that view is too narrow an interpretation of the word "granting." Black's Law Dictionary lists four definitions for the verb "grant," two of which could apply here. The second definition is "[t]o formally transfer (real property) by deed or other writing" (Black's Law Dictionary 707 [7th ed 1999]). The fourth definition is "[t]o approve, warrant, or order," such as when a court grants a motion (Black's Law Dictionary 707 [7th ed 1999]). Considering the escrow agreement as a whole and the circumstances under which it was executed (*see Kass v Kass, supra* at 566), the phrase "granting of a fee or easement interest" logically includes the granting of such a property interest through the execution of a deed or through a court granting a motion or declaration that such a property

interest exists. This Court granted a declaratory judgment giving the Association easement rights that plaintiff and defendants had argued did not exist (*see Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965-966 [2005], *supra*),* thus constituting the occurrence of a condition for release of the escrow funds to plaintiff.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While defendants now attempt to argue that the Association did not receive any new property rights but only obtained a clarification of existing rights, this argument is inconsistent with defendants' position before this Court during the previous litigation.