KEY EQUIPMENT FINANCE, Also Known as AMERICAN EXPRESS BUSINESS FINANCE CORP., Appellant, v SOUTH SHORE IMAGING, INC., et al., Respondents. [893 NYS2d 574]—

On August 1, 2002, the defendant South Shore Imaging, Inc. (hereinafter South Shore), agreed to lease from the plaintiff a Konica laser imager machine for a period of 63 months. The plaintiff commenced this action, inter alia, to recover damages for breach of contract against South Shore and the individual defendants Ronald Pandolfini, Jason Pandolfini, and Joseph Romagnolo (hereinafter collectively the individual defendants), the president, vice president, and treasurer, respectively, of South Shore, alleging, among other things, that the defendants failed to make the payments due under the lease.

The lease comprised four pages: a two-page master lease, a one-page equipment schedule to the master lease, and a one-page payment schedule. The master lease, the equipment schedule, and the payment schedule (hereinafter collectively the lease) each bore its own signature block(s) for execution of that particular document. The master lease was executed by the defendant Ronald Pandolfini, as president of South Shore.

As is pertinent to this appeal, the equipment schedule contained a guaranty section (hereinafter the guaranty, and, together with the equipment schedule, the equipment schedule/guaranty) which provided, in relevant part, that the guarantors unconditionally and irrevocably guaranteed the payment and

performance of all obligations of South Shore, the lessee under the lease. Each of the guarantors also agreed that his liability was joint and several. Further, the guaranty authorized the plaintiff to obtain and share credit information regarding each guarantor's "personal" credit. The unsigned equipment schedule/guaranty that the plaintiff sent to the defendants for execution contained three signature blocks, one for each of the individual defendants. Preprinted under the signature lines were the names of the individual defendants without their corporate titles.

While officers or agents of a corporation are not liable on its contracts if they do not purport to bind themselves individually (*see generally Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4 [1964]; *Weinreb v Stinchfield,* 19 AD3d 482, 483 [2005]), the terms of the instant guaranty constituted a deliberately stated, unambiguous, and separate expression personally obligating the individual defendants for South Shore's debt (*see PNC Capital Recovery v Mechanical Parking Sys.,* 283 AD2d 268, 270 [2001]). Here, the plaintiff made out its prima facie case for summary judgment against the individual defendants through the sworn affidavit of Connie Roman, its litigation coordinator.

Roman averred that when the individual defendants first returned the executed equipment schedule/guaranty by facsimile, the individual defendants had signed on their respective signature lines but handwrote beneath them, their respective corporate titles. Roman averred that upon receipt of these faxed copies, the individual defendants were apprised that the document needed to be re-executed as it was not acceptable for them to sign the guaranty in their corporate capacities. Roman further averred that later the same day, in response, a re-executed equipment schedule/guaranty signed by the individual defendants but without their corporate titles was sent by fax from South Shore to the plaintiff. Attached to Roman's affidavit were copies of the two faxes bearing date and time stamps indicating that the first fax, which was unacceptable to the plaintiff, was sent at 11:47 on August 1, 2002, and the second fax was sent the same day at 17:18. Notably, the first fax contained a total of seven pages and included, in addition to the equipment schedule/guaranty, the other documents that comprised the lease, such as the master lease and payment schedule while the later fax was only of the two-page equipment schedule/guaranty.

Based on the foregoing submissions, the plaintiff established prima facie that the parties intended that the individual defendants were to be personally liable for South Shore's obligations

under the lease (*cf. Salzman Sign Co. v Beck,* 10 NY2d 63, 67 [1961]). Unlike "a situation wherein [a] plaintiff attempted to trap an unwary corporate officer into making an unintended assumption of personal liability by inserting an obscure clause in the midst of a lengthy and complex contract," the guaranty at bar is on a separate page, unambiguous and not, for example, a single sentence embedded within the contract (*Florence Corp. v Penguin Constr. Corp.,* 227 AD2d 442, 443 [1996]).

In addition, the lease at bar contains references to both South Shore and the individual defendants, the former being identified as the lessee thereunder, while the latter are specifically named on the signature lines of the guaranty which further references the lessee, identified above as South Shore, as the party whose obligations are being guaranteed (*see Stuyvesant Plaza v Emizack, LLC,* 307 AD2d 640, 640-641 [2003]). Further, an interpretation that the individual defendants signed the guaranty solely in their capacity as officers of South Shore would compel the illogical conclusion that the purpose of the guaranty was to provide that in the case of South Shore's default, South Shore would guaranty its own indebtedness, rendering the entire guaranty meaningless (*see generally Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396, 403 [1984]).

In opposition, South Shore and the individual defendants failed to raise a triable issue of fact. Contrary to the contention of South Shore and Romagnolo, the plaintiff is not collaterally estopped from litigating the issue of whether the individual defendants are liable under the guaranty because that issue was not determined on a prior appeal (*see Key Equip. Fin., Inc. v South Shore Imaging, Inc.,* 39 AD3d 595, 597 [2007]). In addition, notwithstanding the sworn statements of the individual defendants proffered in support of their respective motions for summary judgment, in which they state that they did not intend to be bound personally, the signed guaranty indicates otherwise. Further, the deposition statements made by Ronald Pandolfini and Jason Pandolfini indicating that the guaranty in which they added their corporate titles was signed after the guaranty which they signed without adding their corporate titles is belied by the record demonstrating the timing when each version was sent to the plaintiff.

Moreover, even if the plaintiff had accepted the executed version of the equipment schedule/guaranty on which the individual defendants added their corporate titles, under the circumstances presented, the individual defendants would not be absolved of personal liability simply by adding their corporate titles to their signatures (*see Florence Corp. v Penguin Constr. Corp.,* 227 AD2d at 443).

Accordingly, the Supreme Court should have granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the individual defendants (*see Stuyvesant Plaza v Emizack, LLC,* 307 AD2d at 641; *cf. Star Video Entertainment v J & I Video Distrib.,* 268 AD2d 423, 424 [2000]).

The remaining contentions of South Shore and the individual defendants either are without merit or need not be reached in light of our determination. Skelos, J.P., Eng, Austin and Roman, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32317(U).]**