■ RED-KAP SALES, INC., Appellant, v NORTHERN LIGHTS ENERGY PRODUCTS, INC., Defendant, and TERRY D. YOUNG, Respondent. [942 NYS2d 283]—

Peters, P.J. Appeal from an order of the Supreme Court (Drago, J.), entered January 13, 2011 in Schenectady County, which denied plaintiff's motion for summary judgment.

In December 2005, plaintiff and defendant Northern Lights Energy Products, Inc. entered into an agreement pursuant to which plaintiff would be the exclusive provider of gasoline to Northern Lights. Defendant Terry D. Young, the president and part owner of Northern Lights, signed the supply agreement and loan agreement on behalf of Northern Lights and, at that time, was also asked to sign a document entitled "Guaranty of Payment of Loan Agreement." In April 2009, after Northern Lights ceased operations, plaintiff commenced this action against Northern Lights for, among other things, breach of the loan agreement and against Young individually based upon the guaranty agreement. After judgment was entered against Northern Lights, plaintiff moved for summary judgment on its claim against Young individually. Finding the guaranty agreement to be ambiguous, Supreme Court denied the motion. Plaintiff appeals.

It is for the court to determine as a matter of law whether a written agreement is ambiguous by looking within the four

corners of the document and the circumstances under which it was executed, and only if an ambiguity exists may extrinsic evidence be considered (*see Kass v Kass*, 91 NY2d 554, 566 [1998]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Ermiger v Black*, 36 AD3d 1053, 1054 [2007]; *Stuyvesant Plaza v Emizack, LLC*, 307 AD2d 640, 640 [2003]). An agreement "is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see Williams v Village of Endicott*, 91 AD3d 1160, 1162 [2012]).

The document at issue is not titled "Personal Guaranty," but rather "Guaranty of Payment of Loan Agreement," and there is no language in the body of the document indicating that the signor is "personally" guaranteeing the loan agreement (*compare Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805, 806-807 [2010]; *Crown Tire Co. v Tire Assoc. of Fairport*, 177 AD2d 974 [1991]; *RCA Records v Wiener*, 166 AD2d 221 [1990]; *Crisafulli Bros. v Kilmartin*, 100 AD2d 678, 679 [1984]). Moreover, like the document at issue in *Stuyvesant Plaza v Emizack, LLC* (*supra*), the guaranty agreement here was prepared by plaintiff and refers to an obligation incurred by "the undersigned," yet nowhere in the document is Young, individually, or anyone else identified as "the undersigned" (*see id.* at 640-641; *compare Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d at 808; *PNC Capital Recovery v Mechanical Parking Sys.*, 283 AD2d 268, 269-270 [2001], *lv dismissed* 96 NY2d 937 [2001], *appeal dismissed* 98 NY2d 763 [2002]; *Crown Tire Co. v Tire Assoc. of Fairport*, 177 AD2d at 974). Instead, the words "Corporate Officers" appear at the bottom of the document, under which Young signed his name, which could indicate that Young was signing in his corporate capacity (*see Salzman Sign Co. v Beck*, 10 NY2d 63, 67 [1961] ["where individual responsibility is demanded the nearly universal practice is that the officer signs twice—once as an officer and again as an individual"]; *Stuyvesant Plaza v Emizack, LLC*, 307 AD2d at 641).

Contrary to plaintiff's contention, "[t]his is not a case of an individual merely adding his or her corporate title while signing a document that contains language in the body of the agreement identifying such person as an individual guarantor" or otherwise unambiguously indicating that the document is a personal guaranty (*Stuyvesant Plaza v Emizack, LLC*, 307 AD2d at 641; *see e.g. PNC Capital Recovery v Mechanical Parking*

*Sys.*, 283 AD2d at 269-271; *Florence Corp. v Penguin Constr. Corp.*, 227 AD2d 442, 443 [1996]; *Crown Tire Co. v Tire Assoc. of Fairport*, 177 AD2d at 974; *Chemical Bank v Masters*, 176 AD2d 591, 591 [1991]; *RCA Records v Wiener*, 166 AD2d at 221). Rather, here, it is unclear as to whether Young was guaranteeing the loan agreement in an individual or representative capacity, and therefore consideration of extrinsic evidence is necessary in order to determine the intent of the parties (*see Stuyvesant Plaza v Emizack, LLC*, 307 AD2d at 641; *see also Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423, 423-424 [2000]). Inasmuch as the affidavits submitted on the motion contain conflicting accounts of the parties' intentions and understanding as to who was purporting to guaranty the underlying obligation in the loan agreement, summary judgment was properly denied (*see Williams v Village of Endicott*, 91 AD3d at 1163; *Shook v Blue Stores Corp.*, 30 AD3d 811, 812-813 [2006]; *compare Stuyvesant Plaza v Emizack, LLC*, 307 AD2d at 641-642).

Rose, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.