Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc. (2020 NY Slip Op 05185)





Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc.


2020 NY Slip Op 05185


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03451 
2017-07855
2017-09098
 (Index No. 601466/14)

[*1]Dean Builders Group, P.C., plaintiff/counterclaim defendant-respondent-appellant, 
v
M.B. Din Construction, Inc., defendant/counterclaim plaintiff-appellant-respondent, Mohammed Chatha, defendant-appellant-respondent; Fidelity and Deposit Company of Maryland, counterclaim defendant. (Appeal No. 1.)
Dean Builders Group, P.C., plaintiff/counterclaim defendant-respondent,M.B. Din Construction, Inc., defendant/counterclaim plaintiff-appellant, Mohammed Chatha, defendant-appellant; Fidelity and Deposit Company of Maryland, counterclaim defendant. (Appeal Nos. 2 and 3.)


King & King, LLP, Pelham, NY (Peter M. Kutil of counsel), for defendant/counterclaim plaintiff-appellant-respondent and defendant-appellant-respondent in Appeal No. 1 and defendant/counterclaim plaintiff-appellant and defendant-appellant in Appeal Nos. 2 and 3.
Muchmore & Associates PLLC, Brooklyn, NY (Andrew Muchmore and Marwan F. Sehwail of counsel), for plaintiff/counterclaim defendant-respondent-appellant in Appeal No. 1 and plaintiff/counterclaim defendant-respondent in Appeal Nos. 2 and 3.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant/counterclaim plaintiff and the defendant Mohammed N. Chatha appeal from (1) a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered March 15, 2017, (2) an order of the same court entered June 9, 2017, and (3) a judgment of the same court entered July 14, 2017, and the plaintiff/counterclaim defendant cross-appeals from the judgment entered March 15, 2017. The judgment entered March 15, 2017, upon an order of the same court entered February 1, 2017, upon reargument, granting that branch of the plaintiff/counterclaim defendant's motion which was for summary judgment on the amended complaint insofar as asserted against the defendant/counterclaim plaintiff, is in favor of the plaintiff/counterclaim defendant and against the defendant/counterclaim plaintiff in the principal sum of $446,564.93. The order entered June 9, 2017, insofar as appealed from, upon reargument, vacated the judgment entered March 15, 2017, and [*2]thereupon granted the plaintiff/counterclaim defendant's motion for summary judgment on the amended complaint. The judgment entered July 14, 2017, upon the order entered June 9, 2017, is in favor of the plaintiff/counterclaim defendant and against the defendant/counterclaim plaintiff and the defendant Mohammed N. Chatha in the principal sum of $446,564.93.
ORDERED that the appeal and the cross appeal from the judgment entered March 15, 2017, are dismissed; and it is further,
ORDERED that the appeal from the order entered June 9, 2017, is dismissed; and it is further,
ORDERED that the judgment entered July 14, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff/counterclaim defendant.
The appeal and the cross appeal from the judgment entered March 15, 2017, must be dismissed, as that judgment was vacated by the order entered June 9, 2017. The appeal from the order entered June 9, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered July 14, 2017 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered June 9, 2017, are brought up for review and have been considered on the appeal from the judgment entered July 14, 2017 (see CPLR 5501[a]; Matter of Aho, 39 NY2d at 248).
The plaintiff/counterclaim defendant, Dean Builders Group, P.C. (hereinafter Dean), was the general contractor on a construction project to renovate a school for the New York City School Construction Authority (hereinafter the SCA). The defendant/counterclaim plaintiff subcontractor, M.B. Din Construction, Inc. (hereinafter M.B. Din), performed certain masonry work on the project. The defendant Mohammed N. Chatha, M.B. Din's president, personally guaranteed the subcontract and a series of subsequently executed riders. Dean asserts that during the course of the performance of the contract, it incurred $788,000 in additional expenses, allegedly as a result of M.B. Din's failure to pay its own employees, vendors, and suppliers, and its failure to pay employees' union benefits.
Dean commenced this action against M.B. Din and Chatha to recover the difference between the payments due under the subcontract and the amount Dean actually spent. M.B. Din's answer asserted several counterclaims, as well as affirmative defenses based on, inter alia, Chatha's personal guarantee on the riders being obtained through duress and coercion. Dean moved for summary judgment on the amended complaint aginst M.B. Din and Chatha, and the Supreme Court denied the motion. In an order entered February 1, 2017, the court, upon reargument, granted that branch of Dean's motion which was for summary judgment on the amended complaint insofar as asserted against M.B. Din. The court also denied M.B. Din's cross motion for summary judgment on its counterclaims insofar as asserted against Dean. On March 15, 2017, the court entered a judgment against M.B. Din in the principal sum of $446,564.93. Dean then moved for leave to reargue its summary judgment motion, and, upon reargument, the court, in an order entered June 9, 2017, granted Dean's motion for summary judgment on the amended complaint insofar as asserted against both defendants. The court also denied M.B. Din's cross motion for leave to reargue. On July 14, 2017, the court entered a judgment against M.B. Din and Chatha in the principal sum of $446,564.93. The defendants appeal.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639). In support of its position that it was entitled to summary judgment on the amended complaint insofar as asserted against M.B. Din, Dean submitted, inter alia, the subcontract between Dean and M.B. Din, an affidavit of Dean's president, copies of checks from M.B. Din to its employees, a series of assignments between Dean and the defendants, and copies of checks from Dean to M.B. Din's employees' unions and vendors. These submissions showed, prima facie, that the parties manifested mutual assent to have M.B. Din perform masonry work at P.S. 235 K in [*3]exchange for $1,400,000 (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109; cf. Donaldson Acoustics Co. v NAB Constr. Corp., 273 AD2d 192, 192), that Dean performed under the subcontract through its payments to M.B. Din, and that M.B. Din breached the subcontract by failing to provide labor and materials required to complete construction, failing to pay employee union fringe benefits as required under the subcontract, and by submitting a series of change orders between August and October 2013 without the required notice to Dean and without providing justification or backup documentation for the charges. These submissions further established that Dean suffered damages as a result of the breach by having to pay substantial sums over the contract price due to M.B. Din's failures to perform (cf. Sturdy Concrete Corp. v NAB Constr. Corp., 65 AD2d 262, 273).
Dean therefore established its prima facie entitlement to judgment as a matter of law on the breach of contract cause of action. In opposition, M.B. Din failed to raise a triable issue of fact. M.B. Din's assertions were conclusory and lacked evidentiary support (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719). Accordingly, we agree with the Supreme Court's determination to grant Dean's motion for summary judgment on the amended complaint insofar as asserted against M.B. Din.
In support of its motion for summary judgment on the amended complaint insofar as asserted against Chatha, Dean established its prima facie entitlement to judgment as a matter of law. The personal guarantee "constituted a deliberately stated, unambiguous, and separate expression personally obligating" Chatha under the subcontract (Key Equip. Fin. v South Shore Imaging, Inc., 69 AD3d 805, 807), as it is on a page separate and apart from the remainder of the subcontract, explicitly references the subcontract at issue, and references both Chatha and M.B. Din (see Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022; cf. Florence Corp. v Penguin Constr. Corp., 227 AD2d 442, 443). In opposition, the defendants failed to raise a triable issue of fact as to Chatha's liability on the personal guarantee. Neither the defendants' opposition papers nor the affirmative defenses raised in their answer addressed the personal guarantee that was executed by Chatha in September 2012. The defendants' present assertion that the September 2012 personal guarantee was executed under duress is therefore not properly before this Court (see Zafran v Zafran, 28 AD3d 752, 753).
Turning to M.B. Din's cross motion for summary judgment on its counterclaims insofar as asserted against Dean, M.B. Din failed to meet its burden of establishing, prima facie, that Dean breached the subcontract. While M.B. Din asserts that Dean's payment applications to the SCA show that Dean received approximately $1,200,000 in payments from the SCA but only paid M.B. Din approximately $800,000, and that this failure to pay was a violation of State Finance Law § 139-f(2), the documents submitted by M.B. Din are merely applications by Dean to receive payments from the SCA and are not evidence of actual payments received from the SCA. M.B. Din did not submit any evidence showing exactly when Dean was paid by the SCA (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 385; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 719). Accordingly, we agree with the Supreme Court's determination to deny M.B. Din's cross motion for summary judgment on its counterclaims insofar as asserted against Dean, regardless of the sufficiency of Dean's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Junger v John V. Dinan Assoc., Inc., 164 AD3d 1428, 1429).
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court