Y.B. Assoc. Group, LLC v Rubin (2023 NY Slip Op 02558)

Y.B. Assoc. Group, LLC v Rubin

2023 NY Slip Op 02558

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-03392
 (Index No. 703389/20)

[*1]Y.B. Associates Group, LLC, etc., appellant,
v
Oleg Rubin, respondent.

Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Abraham S. Beinhorn and Evan N. Newman of counsel), for appellant.
Lanin Law P.C., New York, NY (Scott L. Lanin of counsel), for respondent.

DECISION & ORDER
In an action to recover on a personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 28, 2020. The order denied the plaintiff's motion for summary judgment in lieu of complaint, and granted the defendant's cross-motion for summary judgment dismissing the action.
ORDERED that the order is affirmed, with costs.
The plaintiff, as "Landlord," entered into a written agreement with nonparty Mount Vernon Social Adult Day Care Center, LLC, as "Tenant" (hereinafter the tenant), whereby the plaintiff leased a certain building to the tenant. The lease was 20 pages in length and included 70 separately numbered paragraphs. Paragraph 68, which was on the second to last page of the lease, was entitled "Good Guy Clause," and provided that in the event of the tenant's default in its obligations under the lease, including default in the payment of rent, the "undersigned [ ] covenants and agrees" to perform the tenant's obligations up to and including the "Release Date," with such date defined as the date upon which the tenant surrenders possession of the premises.
The last page of the lease bears two signatures, with the first signature placed on the line designated for "TENANT: Mount Vernon Social Adult Day Care Center, LLC," and the second signature placed on the line designated for "LANDLORD: Y.B. Associates, LLC." The first signature was acknowledged to be that of the defendant, Oleg Rubin. Next to Rubin's signature are the handwritten words, "managing member." Below Rubin's signature are two lines of typewritten text, the first of which reads, "By: Mount Vernon Social Adult Day Care Center Mtg Co., LLC, Managing Member," and the second of which reads, "By: It's [sic] Managing Member, Oleg Rubin."
In 2018, the plaintiff commenced a summary proceeding for nonpayment of rent against the tenant, which was settled by a stipulation of settlement. Thereafter, the plaintiff caused a judgment to be entered against the tenant.
The plaintiff commenced the instant action against Rubin by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, to recover from Rubin the amount of the [*2]judgment against the tenant, plus prejudgment and postjudgment interest. Rubin opposed the motion and cross-moved for summary judgment dismissing the action. The Supreme Court denied the plaintiff's motion and granted Rubin's cross-motion. The plaintiff appeals.
"A member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof" (Singh v Nadlan, LLC, 171 AD3d 1239, 1240 [internal quotation marks omitted]; see Limited Liability Company Law §§ 609, 610). An agent executing a contract on behalf of a disclosed principal "is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally" (Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022; see Salzman Sign Co. v Beck, 10 NY2d 63, 67; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549). "[T]here [must be] clear and explicit evidence of the agent's intention to substitute or superadd his [or her] personal liability for, or to, that of his [or her] principal" (Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [internal quotation marks omitted]; see L'Aquila Realty, LLC v Jalyng Food Corp., 148 AD3d 1004, 1006). "The obligation of a guarantor is, admittedly, a heavy one, and the courts should refrain from foisting such an obligation upon a party, be he [or she] individual or corporation, who simply signs as agent, absent the requisite clear and unequivocal evidence, to be gathered from the writing itself, that he [or she] intended to assume such a liability" (Savoy Record Co. v Cardinal Export Corp., 15 NY2d at 6-7). "There is great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate officer" (Salzman Sign Co. v Beck, 10 NY2d at 67).
Here, paragraph 68 of the 70-paragraph lease refers to an obligation incurred by the "undersigned." Nowhere in the lease is Rubin, individually, or anyone else, identified as the "undersigned" (see Stuyvesant Plaza v Emizack LLC, 307 AD2d 640, 641; cf. TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 680). Instead, Rubin's name appears only on the signature page of the lease, where he has signed as a "managing member," on a line clearly designated to bind the tenant to the terms of the lease. There is no second signature by Rubin clearly pertaining to the purported personal guaranty clause, as distinguished from Rubin's execution of the lease on behalf of the tenant (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d at 4; Salzman Sign Co. v Beck, 10 NY2d at 65, 67). The tenant is unambiguously defined, in both the body of the lease and on the signature page, as Mount Vernon Social Adult Day Care Center, LLC (cf. Shephard v Friedlander, 195 AD3d 1191, 1193-1194). Accordingly, "[t]his is not a case of an individual merely adding his or her corporate title while signing a document that contains language in the body of the agreement identifying such person as an individual guarantor" (Stuyvesant Plaza v Emizack LLC., 307 AD2d at 641).
Under these circumstances, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint and granted the defendant's cross-motion for summary judgment dismissing the action (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d at 2-3; Salzman Sign Co. v Beck, 10 NY2d at 65, 67; Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d 915, 917; Stuyvesant Plaza, Inc. v Emizack LLC, 307 AD2d at 640; see also L'Aquila Realty, LLC v Jalyng Food Corp., 148 AD3d at 1006-1007).
DILLON, J.P., CHAMBERS, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court