Jacin Invs. Corp. N.V. v Von Vogt (2023 NY Slip Op 51120(U))

[*1]

Jacin Invs. Corp. N.V. v Von Vogt

2023 NY Slip Op 51120(U)

Decided on October 23, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 23, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570249/23

Jacin Investors Corporation N.V. and Jacin Investors, LLC, Petitioners-Landlords-Appellants,
against
Charlotte Von Vogt, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Petitioners, as limited by their brief, appeal from (1) that portion of an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated October 25, 2019, which granted tenant's cross motion for summary judgment dismissing the petition in a holdover summary proceeding, referred tenant's counterclaims asserting rent stabilization coverage and rent overcharge to the DHCR for determination, and set the matter down for a hearing on legal fees to tenant as prevailing party, and (2) a purported judgment of the same court (Jack Stoller, J.), entered February 3, 2023, entered pursuant to a stipulation of the parties.

Per Curiam.
Order (Kimon C. Thermos, J.), dated October 25, 2019, insofar as appealed from, modified to deny tenant's cross motion for summary judgment as against petitioner Jacin Investors LLC and to reinstate the petition of Jacin Investors LLC only, and to deny tenant's motion for attorneys' fees and to vacate the court's directive for a hearing on tenant's application for attorneys' fees; as modified, order affirmed, without costs, and matter remanded to Civil Court for further proceedings consistent herewith. Appeal from a purported judgment (Jack Stoller, J.), entered February 3, 2023, dismissed, without costs, as nonappealable.
Civil Court properly granted tenant's motion for summary judgment dismissing the petition of Jacin Investors Corporation, N.V., since that entity is not the "landlord or lessor" of the premises (RPAPL 721), and therefore lacked standing to commence the proceeding. However, it was error to dismiss the petition of Jacin Investors, LLC, the landlord of the [*2]premises, on the ground that said entity is a foreign limited liability company that lacked a certificate of authority to do business in New York (see Limited Liability Company Law § 808). Tenant waived any defense based on lack of capacity to sue by not raising it in her answer or in a pre-answer motion to dismiss (see RCA Records v Wiener, 166 AD2d 221[1990]; see also Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280 [2006], app dismissed 8 NY3d 837 [2007]).
The parties agree that it was improvident to refer the coverage and overcharge issues to the DHCR instead of resolving them below. Civil Court has concurrent jurisdiction with DHCR to adjudicate these issues (see Downing v First Lenox Terrace Assoc., 107 AD3d 86, 91 [2013], affd sub nom. Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382 [2014]; Matter of Rockaway One Co., LLC v Wiggins, 35 AD3d 36, 38-39 [2006]; Lirakis v 180 Seventh Ave. Assoc. LLC, 10 Misc 3d 131[A], 2005 NY Slip Op 51999[U] [App Term, 1st Dept 2005]), and there are no extraordinary circumstances or special expertise required to warrant invoking the doctrine of primary jurisdiction.
In light of the reinstatement of the petition of petitioner Jacin Investors LLC, we vacate the determination that tenant is the prevailing party entitled to attorneys' fees, and remand for consideration of all issues raised in the pleadings, including claims and defenses denied as moot below and/or "deferred" to DHCR, or concerning service of the RR-1 form.
The purported judgment, which did not settle the rights or obligations of the parties, dispose of any issues in controversy, or award any relief, and was entered on consent, is not appealable.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 23, 2023