166-20 Union Turnpike, LLC v Tavak, LLC (2025 NY Slip Op 05054)

166-20 Union Turnpike, LLC v Tavak, LLC

2025 NY Slip Op 05054

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-07435
 (Index No. 722171/22)

[*1]166-20 Union Turnpike, LLC, appellant,
v
Tavak, LLC, et al., respondents.

Barbara Lee Ford, Franklin Square, NY, for appellant.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered July 7, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Roman Davydov and Solomon Davydov.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Roman Davydov and Solomon Davydov in accordance herewith.
The plaintiff seeks to recover damages for breach of contract. The complaint alleged that the defendant Tavak, LLC (hereinafter Tavak), breached a commercial lease and that the defendants Roman Davydov and Solomon Davydov (hereinafter together the individual defendants) were liable as the personal guarantors of Tavak's obligations under the lease. The defendants moved pursuant to CPLR 3211(a)(1), (7), and (8) to dismiss the complaint insofar as asserted against the individual defendants. The plaintiff opposed the motion. In an order entered July 7, 2023, the Supreme Court granted the motion. The court determined that dismissal was appropriate under CPLR 3211(a)(1) and (7), as the lease evidenced an intent by the individual defendants to sign the lease solely as officers of Tavak and not to be personally bound by the lease. The court determined that the defendants' contention under CPLR 3211(a)(8) that there was a lack of personal jurisdiction due to improper service was academic. The plaintiff appeals.
"'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Churong Liu v Gabbay, 219 AD3d 459, 460, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 751).
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Clevenger v Yuzek, 222 AD3d 931, 934, quoting Gorbatov v Tsirelman, 155 AD3d 836, 837). "In assessing a motion under CPLR 3211(a)(7), . . . a court may [*2]freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Clevenger v Yuzek, 222 AD3d at 934).
"An agent executing a contract on behalf of a disclosed principal 'is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally'" (Y.B. Assoc. Group, LLC v Rubin, 216 AD3d 851, 853, quoting Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022; see Salzman Sign Co. v Beck, 10 NY2d 63, 67; Star Video Entertainment v J & I Video Distrib., 268 AD2d 423, 424). "[T]here [must be] clear and explicit evidence of the agent's intention to substitute or superadd his [or her] personal liability for, or to, that of his [or her] principal" (Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [internal quotation marks omitted]; Y.B. Assoc. Group, LLC v Rubin, 216 AD3d at 853 [internal quotation marks omitted]). "There is great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate officer" (Salzman Sign Co. v Beck, 10 NY2d at 67; Y.B. Assoc. Group, LLC v Rubin, 216 AD3d at 853 [internal quotation marks omitted]). A personal guaranty of a corporation's obligation will be enforced against an individual where it "'constitute[s] a deliberately stated, unambiguous, and separate expression personally obligating'" the individual under the contract (Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc., 186 AD3d 1612, 1615, quoting Key Equip. Fin. v South Shore Imaging, Inc., 69 AD3d 805, 807).
Here, in arguing for dismissal of the complaint insofar as asserted against the individual defendants pursuant to CPLR 3211(a)(1) and (7), the defendants submitted the summons and complaint and a copy of the subject lease. The lease was comprised of five pages, with the last two pages labeled as a rider to the lease. The bottom of the third page of the lease contained a signature block, which was cut off in the copy submitted to the Supreme Court, and, therefore, it is impossible to determine whether this page of the lease was executed on behalf of Tavak and, if so, in what manner it was executed. The two-page rider contained its own set of pre-printed signature lines: one for "166-20 Union Turnpike LLC Dinko Grancaric," a second for "Tavak LLC: Roman Davydov," and a third for "Tavak LLC: Solomon Davydov." A signature appeared on each line. Directly above the signature lines on the rider was a paragraph stating that the parties agreed "[t]hat Roman and Solomon Davydov, are the owners of Tavak LLC, and they will act as personal guarantors for the payment of rent and any other[ ] costs, bills and fees and issues arising from the above enumerated items."
The defendants' submissions failed to utterly refute the material allegations of the complaint or to conclusively establish a defense as a matter of law and failed to establish that a material fact alleged by the plaintiff was not a fact at all. "[T]his is not a situation wherein the plaintiff attempted to trap an unwary corporate officer into making an unintended assumption of personal liability by inserting an obscure clause in the midst of a lengthy and complex contract" (Florence Corp. v Penguin Constr. Corp., 227 AD2d 442, 443; see Key Equip. Fin. v South Shore Imaging, Inc., 69 AD3d at 808; Paribas Props. v Benson, 146 AD2d 522, 525). The clearly worded language of the guaranty clause made reference to Tavak and to each of the individual defendants by name, was contained in a short, two-page rider, and appeared directly above the rider's signature lines, which the individual defendants signed without listing their corporate titles (see Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc., 186 AD3d at 1615; Key Equip. Fin. v South Shore Imaging, Inc., 69 AD3d at 807; Florence Corp. v Penguin Constr. Corp., 227 AD2d at 443; Paribas Props. v Benson, 146 AD2d at 525).
Under these circumstances, the Supreme Court erred in granting dismissal of the complaint insofar as asserted against the individual defendants pursuant to CPLR 3211(a)(1) and (7).
As the Supreme Court did not reach the defendants' contentions regarding dismissing the complaint insofar as asserted against the individual defendants pursuant to CPLR 3211(a)(8) due [*3]to improper service, we remit the matter to the Supreme Court, Queens County, to consider those contentions and to make a new determination of the defendants' motion thereafter.
The plaintiff's remaining contentions are either irrelevant to the instant appeal or without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court