Delco Dev. Co. of Hicksville, L.P. v Shoes Etc., Inc. (2026 NY Slip Op 00116)

Delco Dev. Co. of Hicksville, L.P. v Shoes Etc., Inc.

2026 NY Slip Op 00116

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-09088
 (Index No. 607335/21)

[*1]Delco Development Company of Hicksville, L.P., respondent, 
vShoes Etc., Inc., etc., et al., appellants.

Kenneth Cooperstein, Centerport, NY, for appellants.
Bond, Schoeneck & King, PLLC, Melville, NY (Giuseppe Franzella of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered July 24, 2024. The judgment, insofar as appealed from, upon an order of the same court dated January 12, 2024, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Said Habibian and denying the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against that defendant, is in favor of the plaintiff and against the defendant Said Habibian in the total sum of $93,800.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Said Habibian is denied, the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against that defendant is granted, and the order dated January 12, 2024, is modified accordingly.
In June 2020, the plaintiff landlord commenced this action, inter alia, to recover damages for breach of contract against the defendants, Shoes Etc., Inc. (hereinafter Shoes Etc.), its commercial tenant, and Said Habibian, the president of Shoes Etc. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Habibian. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against Habibian. By order dated January 12, 2024, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the defendants' cross-motion. On July 24, 2024, the court entered judgment, upon the order, among other things, in favor of the plaintiff and against Habibian in the total sum of $93,800. The defendants appeal.
"'Where there is an ambiguity as to the meaning of a provision of a lease, prepared by the landlord, the ambiguity should be resolved in favor of the tenant'" (2330 Ocean Assoc., LLC v Haroun, 219 AD3d 1386, 1387 [alteration omitted], quoting 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 732-733). "'A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she [*2]intended to bind himself or herself personally'" (Concavage Mar. Constr., Inc. v Lou-Al-John Corp., 191 AD3d 843, 845, quoting Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022; see Westerman Ball Ederer Miller & Sharfstein, LLP v Allstar Elecs., Inc., 217 AD3d 904, 905). "There must be clear and explicit evidence of the agent's intention to substitute or superadd his [or her] liability for, or to, that of his [or her] principal" (Westerman Ball Ederer Miller & Sharfstein, LLP v Allstar Elecs., Inc., 217 AD3d at 905 [internal quotation marks omitted]; see Y.B. Assoc. Group, LLC v Rubin, 216 AD3d 851, 853).
Under the circumstances of this case, including the language of the lease agreement drafted by the plaintiff, the existence of a guaranty clause therein with Habibian as the guarantor, and the handwritten inclusion of "PRES." next to Habibian's signature on multiple subsequent renewals and modifications of the lease agreement, it cannot be said that this record clearly and explicitly demonstrates that Habibian intended to sign the lease agreement in his individual capacity in addition to his corporate capacity so as to bind himself personally. Rather, the defendants established, prima facie, that Habibian intended to sign the lease agreement only in his corporate capacity. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Habibian and granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against Habibian.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court